Filed 7/1/16  P. v. Johnson CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G052751 |
| v. | (Super. Ct. No. 14NF1524) |
| TYLER JOHN JOHNSON, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, J. Michael Beecher, Retired Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Joshua L. Siegel, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*       \*       \*

A jury convicted defendant Tyler John Johnson of second degree robbery, and found true two firearm use enhancements (Pen. Code, §§ 211, 212.5, subd. (c), 12022.5. subd. (a), 12022.53, subd. (b)).  The court sentenced defendant to 13 years in prison, consisting of the three-year middle term for the robbery plus a consecutive 10-year term for one of the two firearm enhancements.

We appointed counsel to represent defendant on appeal.  Counsel filed a brief summarizing the proceedings and facts of the case and advised the court he found no arguable issues to assert on defendant's behalf.  (*Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.)  To assist us in our independent review of the record, counsel suggested we consider the issues discussed below.

Counsel and this court both notified defendant that he could file a supplemental brief on his own behalf.  However, we received no supplemental brief from him and the time to file one has passed.

## FACTS AND PROCEDURAL HISTORY

We recite the facts in the light most favorable to the judgment, drawing all reasonable inferences in support thereof.  (*People v. Rodriguez* (1999) 20 Cal.4th 1, 11; *People v. Villasenor* (2015) 242 Cal.App.4th 42, 47-48.)

*1. Prosecution Evidence*

Early one morning in 2013 Kelli Hoover was loading things into her car when she noticed defendant, standing a few feet away at the entrance of her garage, blocking her exit.  Defendant was holding a semiautomatic handgun with a square muzzle.  Defendant pointed the gun at Hoover, and told her to give him her purse.  He then racked the gun and demanded her purse again, at which point Hoover complied.  Defendant next asked for Hoover's phone, but Hoover said it was inside her apartment.  Defendant also asked for Hoover's keys, explaining he wanted to throw them, so Hoover gave him her keys as well.  Defendant then threw the keys and left the area.

2

Hoover found her keys, went back inside her apartment, and called police. Police arrived a few minutes later and found defendant's cell phone nearby. The cell phone contained a picture of defendant holding a gun to his head. Hoover said the man in the picture was the man who had robbed her, and explained the gun in the picture was very similar to the gun he had used.

Hoover had taken firearms classes, and had seen handguns at the firing range that looked similar to the gun defendant used. She had also heard that type of handgun being racked at the firing range, and explained defendant's gun made the same sound when he racked it that morning. A detective explained racking a semiautomatic handgun puts a round into the chamber, making it ready to fire.

## 2. Defense Evidence

Defendant testified and admitted he took Hoover's purse, but claimed he used a BB gun, which he bought from Walmart, and he never had a real gun. He stated the gun shown in the picture found on his cell phone was the BB gun. He also said he committed another robbery about a month later and used the same BB gun. He pled guilty in that case.

A defense investigator testified he bought a BB gun from Walmart that uses a BB magazine and a $CO_2$ cartridge, and the top part of the gun slides back. The investigator also contacted the BB gun's manufacturer and learned the company made that type of BB gun in 2013. Defendant testified the BB gun purchased by the investigator was the same model as the one he used to rob Hoover.

## 3. Motion for New Trial

After defendant was convicted he moved for a new trial (Pen. Code, § 1181, subd. (6) [finding contrary to evidence]) on the firearm enhancements, and argued the evidence showed he had used a BB gun not a real gun. The court denied the motion and noted it only took the jury three hours to reach a verdict, "so they must have had a pretty strong feeling that it was a real gun."

3

## DISCUSSION

We have independently reviewed the entire record according to our obligations under *Anders v. California*, *supra*, 386 U.S. 738 and *People v. Wende*, *supra*, 25 Cal.3d 436, and we have found no arguable issues on appeal.

(1) Counsel suggests we consider whether the record contains sufficient evidence defendant used a firearm. It does. The jury considered and rejected defendant's contrary evidence and it is not our role to reweigh the evidence, resolve factual conflicts, or determine witness credibility. (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206.)

(2) Counsel suggests we consider whether the trial court abused its discretion in denying defendant's motion for a new trial on the firearm use enhancements. It didn't. The finding on the gun enhancements is not contrary to the evidence.

(3) Counsel suggests we consider whether the trial court abused its discretion by admitting the cell phone photograph over defendant's Evidence Code section 352 objection. We perceive no abuse of discretion. (*People v. Holford* (2012) 203 Cal.App.4th 155, 167 [exercise of discretion under Evidence Code section 352 will not be disturbed on appeal except on a showing the trial court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice].)

(4) Counsel suggests we consider whether the trial court abused its discretion by allowing defendant to be impeached with the other robbery he committed about a month after he robbed Hoover. Again we perceive no abuse of discretion. The other robbery was a proper subject of impeachment. (Evid. Code, §§ 210, 352, 788; *People v. Stewart* (1985) 171 Cal.App.3d 59, 66.) Furthermore, the court carefully considered the defendant's extensive criminal conviction history, and ruled only this one robbery conviction could be used to impeach defendant if he testified.

## DISPOSITION

The judgment is affirmed.


                                        THOMPSON, J.

WE CONCUR:


MOORE, P. J.


ARONSON, J.

5